### HARVEY MEYERS v. MOLLIE F. PEARCE.

ATTORNEY'S FEES.

Strict proof is required by law to establish a change of contract as to attorney's fees, and when an attorney has contracted for a specific sum it is better that he should fail to recover the value of his services *quantum meruit* for want of sufficient proof of such change than that the credit and dignity of the legal profession be relaxed in this regard.

Harvey Meyers, *pro se.*

Hallam & Terrill, contra.

## PER CURIAM.

It appears from the record that Harvey Meyers rendered services to Mrs. Pearce, of great ability, courage and value, and that the same were successful, and if it were a question of *quantum meruit* the amount of the alleged contract would be inadequate and the amount retained by him reasonable. But that is a matter with which we are not concerned if there was a subsisting contract between Mr. Meyers and Mrs. Pearce.

Mrs. Pearce says Mr. Meyers undertook to do this work for $500.

Mr. Meyers says that the $500 contract was subsequently by agreement abrogated. The burden of showing this change is on Mr. Meyers, and it is to the credit and dignity of the legal profession that the measure of proof required by the law is strict. It may even be that Mr. Meyers is right in this contention, but it is better that he should fail for want of sufficient proof than that there should be any relaxation in this regard. However this may be, this issue was fairly submitted to the jury under a proper charge and we cannot say that the verdict is so manifestly against the weight of the evidence as to call for a reversal.

Judgment affirmed.